O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA BARBARA CARSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | NO. CV 14-2219-KLS<br><br>MEMORANDUM OPINION<br>AND ORDER |

On April 8, 2014, plaintiff filed a Complaint seeking review of the denial of her application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (ECF No. 3.) On August 11 (plaintiff), and August 17 (defendant), the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (ECF Nos. 19, 21.) On January 5, 2015, the parties filed a Joint Stipulation ("Joint Stip."), in which plaintiff seeks an order reversing the Commissioner's decision and remanding this case for further administrative proceedings. (Joint Stip. at 27.) The Court has taken the parties' Joint Stipulation under submission without oral argument.

\\

\\

\\

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On April 20, 2011, plaintiff protectively filed her application for a period of disability, DIB and SSI. (Administrative Record ("A.R.") 12, 177-91.) Plaintiff, who was born on December 3, 1954[1] (*id.* 24, 179), claims to have been disabled since January 7, 2010, due to her bipolar disorder (*id.* 223). Plaintiff has past relevant work experience as a telephone solicitor and data entry clerk. (*Id.* 24.)

After the Commissioner denied plaintiff's claim initially (A.R. 12, 123-27) and on reconsideration (*id.* 12, 132-36), plaintiff requested a hearing (*id.* 12, 138-40). On November 6, 2012, plaintiff, who was represented by an attorney, appeared and testified at a hearing before Administrative Law Judge Lisa D. Thompson (the "ALJ"). (*Id.* 12, 55-76.) On December 19, 2012, the ALJ denied plaintiff's claim (*id.* 12-26), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (*id.* 1-7). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In her decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since January 7, 2010, the alleged onset date. (A.R. 14.) The ALJ determined that plaintiff has the severe medically determinable impairments of bipolar disorder and polysubstance abuse, in remission.[2] (*Id.* 15) The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. part 404,

---

[1] On the alleged onset disability date, plaintiff was 55 years old, which is defined as an individual of advanced age. (A.R. 24 (citing 20 C.F.R. §§ 404.1563, 416.963).)

[2] The ALJ also found that plaintiff has the medically determinable impairments of "gastroesophageal reflux disease, diabetes mellitus, obesity, and hepatitis C," but that these impairments were non-severe, because plaintiff did not establish that these impairments cause "specific work-related functional limitations." (A.R. 15.)

subpart P, appendix 1. (*Id.* 17-18.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels" but is limited to performing "simple, routine tasks" and "work[ing] in a low stress environment with no fast-paced or high volume work, or work that requires rigid, repetitive or frequent deadlines." (A.R. 18-19.) The ALJ further determined that plaintiff is unable to perform any past relevant work. (*Id.* 24.) However, based on plaintiff's age, education,[3] work experience, and RFC, as well as the testimony of the vocational expert, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform," including the jobs of hospital cleaner and machine cleaner. (*Id.* 25.)

Thus, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since January 7, 2010, the alleged disability onset date. (A.R. 26.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

---

[3] The ALJ determined that plaintiff "has limited education and is able to communicate in English." (A.R. 24.)

subpart P, appendix 1. (*Id.* 17-18.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels" but is limited to performing "simple, routine tasks" and "work[ing] in a low stress environment with no fast-paced or high volume work, or work that requires rigid, repetitive or frequent deadlines." (A.R. 18-19.) The ALJ further determined that plaintiff is unable to perform any past relevant work. (*Id.* 24.) However, based on plaintiff's age, education,[3] work experience, and RFC, as well as the testimony of the vocational expert, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform," including the jobs of hospital cleaner and machine cleaner. (*Id.* 25.)

Thus, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since January 7, 2010, the alleged disability onset date. (A.R. 26.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

---

[3] The ALJ determined that plaintiff "has limited education and is able to communicate in English." (A.R. 24.)

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## DISCUSSION

Plaintiff alleges three sources of error. First, plaintiff contends that the ALJ did not properly evaluate the opinions of plaintiff's treating psychiatrist, Dr. Fawzy Basta, M.D., and the non-examining state agency psychologist, Dr. Joshua D. Schwartz, Ph.D. Second, plaintiff contends the ALJ failed to properly consider her own step-three finding that plaintiff has "moderate difficulties" in "concentration, persistence, or pace" in her RFC assessment of plaintiff. Third, plaintiff contends the ALJ failed to conduct a drug abuse and alcohol analysis to determine whether substance abuse was material to plaintiff's disability.

## I. **The ALJ Failed To Properly Evaluate The Opinions Of Treating Psychiatrist Dr. Basta.**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of treating psychiatrist Dr. Basta. (Joint Stip. at 9-12.)

### A. Dr. Basta's Opinion

On November 1, 2011, plaintiff's treating psychiatrist Dr. Basta completed a "Mental Disorder Questionnaire Form." (A.R. 356-60.) Dr. Basta stated that plaintiff saw him every 4 to 6 weeks for treatment since her first appointment on June 24, 2010. (*Id.* 360.) Dr. Basta, who diagnosed plaintiff with bipolar disorder (*id.* 360), reported that plaintiff's symptoms and complaints included mood swings, forgetfulness, disorganization, difficulty making decisions, and "losing things." (*Id.* 356.) Dr. Basta described plaintiff's attitude and behavior as "hostile -- restless -- anxious -- labile -- emotionally unstable." (*Id.* 357.) He later added that plaintiff is "easily agitated" and "unpredictable" and has a "low frustration tolerance." (*Id.* 359.)

Dr. Basta stated that plaintiff suffered from insomnia and poor memory, concentration, and judgment and "repeats [her]self over and over." (A.R. 357-58, 359.) He also described plaintiff's ability to perform activities of daily living as "poor" and explained that her family provides for her needs, pays her bills, and drives her to doctor appointments. (*Id.* 358.) Dr. Basta opined that plaintiff would have difficulty making decisions, following schedules, interacting with others, and responding to frustration in a work environment. (*Id.* 359.) Dr. Basta stated that plaintiff took Seroquel and Restoril, but he did not expect her condition to improve. (*Id.* 360.)

The following month, on December 2, 2011, Dr. Basta completed a form entitled "Anxiety Related Disorder," in which he opined that plaintiff: exhibits irrational fear, recurrent severe panic attacks, recurrent obsessions or compulsions; suffers from manic syndrome characterized

by flight of ideas, hyperactivity, and easy distractibility; suffers from bipolar syndrome with a history of manic and depressive episodes; is moderately restricted in her activities of daily living due to her mental disorder; and has marked difficulties in maintaining social functioning, deficiencies of concentration, and episodes of deterioration or decompensation in work or work-like settings. (A.R. 370-74.) Dr. Basta added in the "Remarks" section that plaintiff is currently on psychiatric medication. (*Id.* 374.) On the same date, December 2, 2011, Dr. Basta appears to have completed a separate form entitled "Depressive Disorder," but that form is not signed. (*See generally id.* 381-84.)

On July 27, 2012, Dr. Basta wrote that, as a result of suffering from "bipolar disorder manic type," plaintiff "has a difficult time focusing and concentrating[;]" "is unable to learn or retain new information[;]" "is very distractible[;]" and "needs to be reminded for her appointments." (A.R. 375.) Dr. Basta also submitted his treatment notes for the period between March 15, 2011 and January 24, 2012. (*Id.* 376-80.)

Finally, in an October 30, 2012 "Sleep Disorders Questionnaire," Dr. Basta stated that plaintiff suffers from insomnia and memory impairment on a "daily" basis. (A.R. 389.) He stated that plaintiff was taking Seroquel, Klonopin, and Restoril, but his prognosis was guarded. (*Id.* 390.) As a result of plaintiff's sleeping disorder, Dr. Basta opined that plaintiff should avoid working involving climbing and heights, avoid power machines, moving machinery, or other hazardous conditions, and limit or avoid operation of motor vehicles. (*Id.*) He further opined that plaintiff has "serious limitations in performing the following activities in the workplace on a sustained basis: understanding, remember[ing], and carry[ing] out simple instructions; maintain[ing] attention for two hour segments; be[ing] punctual within customary, usually strict tolerances." (*Id.* 391.)

//
//
//

B. <u>ALJ's Decision</u>

In determining plaintiff's mental RFC, the ALJ gave "little weight" to Dr. Basta's opinion. (A.R. 23.) She explained that there are "inconsistencies" in the information provided by Dr. Basta. (*Id.*) Specifically, on the form entitled "Depressive Disorder," it appeared that Dr. Basta had indicated that plaintiff experienced "hallucinations, delusions, or paranoid thinking," (*see* A.R. 381) but, on the form entitled "Anxiety Related Disorder," Dr. Basta indicated that plaintiff does *not* experience hallucinations, delusions, or paranoid thinking (*see id* 371). (A.R. 23-24.) Similarly, the ALJ stated that Dr. Basta's statements and opinions are "entirely inconsistent with the information provided in her progress notes." (*Id.* 24.) In the December 2, 2011 form entitled "Anxiety Related Disorder," Dr. Basta stated that plaintiff experiences "recurrent obsessions or compulsions which are a source of marked distress," but "there is no indication or description of these recurrent obsessions or compulsion anywhere in Dr. Basta's progress notes." (*Id.* 24.) In contrast to her assessment of Dr. Basta's opinions, the ALJ accorded "great weight" to the opinion of the consulting psychiatrist, David Bedrin, M.D.,, because it was "generally consistent with the other evidence of record." (A.R. 23.)

C. <u>Discussion</u>

An ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)); *see also* 20 C.F.R. § 416.927(c). When a treating physician's opinion is not contradicted by the opinion of another physician, it may be rejected only for "clear and convincing" reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When it is contradicted by another doctor, the ALJ can reject a treating physician's

opinion only if he articulates "specific and legitimate" reasons supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *see also Ryan*, 528 F.3d at 1198.

Here, Dr. Basta's opinions conflicted with the opinions of virtually every other medical source. On July 2, 2011, psychiatrist David Bedrin, M.D., performed a consultative psychiatric examination of plaintiff. (A.R. 334-40.) Dr. Bedrin diagnosed plaintiff with bipolar disorder not otherwise specified by history; alcohol abuse currently in remission; and polysubstance abuse currently in remission. (*Id.* 339.) He assessed plaintiff a global assessment of functioning ("GAF") score of 59.[4] (*Id.*) Dr. Bedrin opined that plaintiff is able to: perform simple tasks, but may have an impairment to perform complex tasks secondary to memory problems (*id.*); maintain regular attendance and perform work activities on a consistent basis without special or additional supervision (*id.*); complete a normal workday without interruptions (*id.* 340); accept instructions from supervisors (*id.*); interact with coworkers and the public (*id.*); and deal with the usual stresses encountered in competitive work (*id.*).

On July 27, 2011, state agency psychiatrist Jay S. Flocks, M.D., reviewed plaintiff's record, and agreed with Dr. Bedrin's determination that plaintiff is to be limited to simple, repetitive tasks due to her bipolar disorder. (*See* A.R. 81.) Dr. Flocks opined that plaintiff was moderately limited in her ability to: carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms. (*Id.* 83-84.) Dr. Flocks found that these limitations did not preclude plaintiff from performing her past relevant work. (*Id.* 85.)

---

[4] A GAF score is the clinician's judgment of the individual's overall level of functioning. It is rated with respect only to psychological, social, and occupational functioning without regard to impairments in functioning due to physical or environmental limitations. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS at 32 (4th Ed.2000). A GAF score of 51-60 shows moderate symptoms, such as those which would affect speech, or moderate difficulty in social, occupational, or school functioning. Id.

Finally, on November 29, 2011, state agency psychologist, Dr. Schwartz, Ph.D., reviewed plaintiff's medical records and opined that plaintiff was able to perform "simple tasks" with "limited public contact." (A.R. 101, 115.)

Because Dr. Basta's assessment of the severity and limiting effects of plaintiff's bipolar disorder conflicted with the less restrictive assessments provided by the other medical sources, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Basta's opinion. However, the ALJ's reasons for discounting Dr. Basta's opinions did not satisfy this standard.

The ALJ's first reason for rejecting the opinion of Dr. Basta -- that, on the form entitled "Depressive Disorder," it appeared that Dr. Basta had indicated that plaintiff's *depressive* syndrome was characterized by hallucinations, delusions, or paranoid thinking, while on another form with the same date, Dr. Basta stated that plaintiff's *manic* syndrome was not characterized by hallucinations, delusions, or paranoid thinking -- is unpersuasive. (A.R. 23-24) (emphasis in original). An internal inconsistency can be a specific and legitimate reason for rejecting a physician's opinion, *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of treating doctor's opinion that was internally inconsistent), but, in this instance, it is unclear whether the differences between the two forms are, in fact, inconsistencies.

First, the two questions about hallucinations, delusions, or paranoid thinking are not identical. The Depressive Disorder form asks whether plaintiff's *depressive* syndrome is characterized by hallucinations, delusions, or paranoid thinking, whereas the Anxiety Related Disorder form asks whether plaintiff's *manic* syndrome is characterized by hallucinations, delusions, or paranoid thinking. (*Compare* A.R. 371 *with* 381.) Symptoms of bipolar disorder can include cyclical episodes of depression and mania. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF

MENTAL DISORDERS, FIFTH ED. (DSM-5).[5] It is not inconsistent for a doctor to observe, as Dr. Basta apparently did in this case, that a patient experiences hallucinations, delusions, or paranoia during depressive episodes but not during manic episodes. Second, it is ambiguous whether Dr. Basta in fact completed the Depressive Disorder form. Unlike the Anxiety Related Disorder form, Dr. Basta did not sign the Depressive Disorder form, and the only indication that he completed it is the fact that it was addressed to him. (*See generally* A.R. 381-84; *see also id.* 381 ("Dear Dr. Basta: Please complete the following items based on medical evidence consisting of clinical signs, symptoms and/or laboratory or psychological test findings from your personal treatment.").) Accordingly, the ALJ should have contacted Dr. Basta to confirm that the opinions expressed on the Depressive Disorder form were, in fact, his, before relying on them as a reason for discrediting his assessment that plaintiff's mental-impairment related limitations were incompatible with competitive employment. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, the ALJ has an independent duty to fully and fairly develop the record). Even considering the ALJ's second reason, discussed below, the ALJ identified no other internal inconsistencies in Dr. Basta's opinions that could serve as specific and legitimate reasons for discounting Dr. Basta's opinion.

The ALJ's second reason for discounting Dr. Basta's opinion is that Dr. Basta "provide[d] statements and opinions which are entirely inconsistent with the information provided in her progress notes." (A.R. 24.) Specifically, the ALJ noted that, in the Anxiety Related Disorder form, Dr. Basta stated that plaintiff experiences "recurrent obsessions or compulsions which are a source of marked distress," but the ALJ found "no indication or description of these recurrent obsessions or compulsion anywhere in Dr. Basta's progress notes." (*Id.* 24.) However, it is difficult to decipher Dr. Basta's treatment notes, and the portions that are legible indicate that plaintiff exhibited recurrent episodes of irritability, anxiety, agitation, and loud or inappropriate behavior.

---

[5] http://dsm.psychiatryonline.org/doi/full/10.1176/appi.books.9780890425596.

(*See e.g.*, A.R. 395 (4/28/11 - "very irritable, loud, inappropriate, [illegible], mood swing"), 393 (1/24/12 - hyperverbal, flight of ideas, labile, upset, difficult to make decisions, loose association), 392 (5/3/12 - anxious, agitated, loud, difficult to relax; 8/23/12 - hyperactive, hyperverbal, thoughts racing).)

Thus, the ALJ mischaracterized Dr. Basta's treatment notes when she wrote that they are "entirely inconsistent" with the opinions he provided. Although the legible portions of Dr. Basta's notes do not describe any particular "obsession" or "compulsion," the behaviors he describes appear to support his assessment that plaintiff experiences recurrent obsessions or compulsions. Further, to the extent that Dr. Basta's omission of any legible reference to a particular obsession or compulsion rendered the record inadequate for evaluating Dr. Basta's opinions, the ALJ was required to develop the record further by asking Dr. Basta to explain the basis for his indication that plaintiff experiences recurrent obsessions or compulsions. *See Tonapetyan*, 242 F.3d at 1150. The ALJ identified no other inconsistency between Dr. Basta's opinions and his treatment notes.

Thus, the ALJ did not articulate specific and legitimate reasons supported by substantial evidence for discounting the opinion of plaintiff's treating psychiatrist in favor of the opinion of the examining psychiatrist. On remand, the ALJ must revisit her assessment of the medical evidence and either credit the opinion of plaintiff's treating psychiatrist or articulate specific and legitimate reasons for declining to do so.

II. **The ALJ Failed To Properly Evaluate The Opinion Of State Agency Psychologist Dr. Schwartz.**

Plaintiff next contends that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of the state agency psychologist Dr. Schwartz. (Joint Stip. at 9-12.)

As noted above, the non-examining state agency psychologist Dr. Schwartz determined that plaintiff was capable of simple repetitive tasks with limited public contact. (A.R. 104-05, 116-19.) The ALJ included Dr. Schwartz's determination that plaintiff was limited to simple repetitive tasks in her assessment of plaintiff's RFC, but she omitted Dr. Schwartz's opinion that plaintiff should have limited public contact. (*See id.* 18-19.) The ALJ did not find that plaintiff had any limitation on her ability to work with the public. (*See generally id.*) However, the ALJ failed to discuss, or acknowledge, Dr. Schwartz's opinion that plaintiff should have limited public contact. (*See generally id.* 18-24.)

Although the ALJ was not required to accept Dr. Schwartz's opinion, she was required to articulate specific and legitimate reasons for discounting any portion of it. *See Shafer v. Astrue*, 518 F.3d 1067, 1069-70 (9th Cir. 2008) (noting that an ALJ's silent disregard of a nonexamining physician's opinion "contravened governing regulations requiring him to . . . evaluate every medical opinion received" and, thus, constituted legal error); 20 C.F.R. §§ 404.1527, 416.927 (stating that nonexamining source opinions are medical opinions that the ALJ must consider and weigh using the factors enumerated in that section); SSR 96–6p (stating that an ALJ "may not ignore" state agency medical consultant opinions "and must explain the weight given to these opinions in their decisions"). Accordingly, the ALJ erred by failing to either adopt Dr. Schwartz's opinion in full or explain her decision to reject a portion of Dr. Schwartz's opinion.

The Commissioner contends that "arguably, the state agency physician's opinion regarding public contact did not create a significant added work limitation for unskilled work," and, therefore, the ALJ's flawed assessment of Dr. Schwartz's opinion was harmless. (Joint Stip. at 17.) However, because the matter must be remanded for proper consideration of Dr. Basta's opinion, the Court declines to consider whether the ALJ's error with respect to Dr. Schwartz's opinion was harmless. On remand, the ALJ will need to reassess plaintiff's RFC and, in doing so, should address Dr. Schwartz's opinion in a manner consistent with the standards described above.

### III. Remand Is Appropriate.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Under the credit-as-true rule, a district court should remand for an award of benefits when the following three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.

Here, only the second of these conditions has been met. As noted above, further development of the record is needed to properly assess Dr. Basta's medical opinions. Furthermore, it is not clear that, if Dr. Basta and Dr. Schwartz's opinions were credited as true, the ALJ would be required to find plaintiff disabled on remand. Significantly, the record indicates that plaintiff continued to look for jobs during the period for which she seeks DIB (*see* A.R. 336), and she retained the capacity to care for two young grandchildren (*see id.* 61), a responsibility that the ALJ aptly described as physically and emotionally demanding (*id.* 20). Accordingly, remand is appropriate, because there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if the evidence was properly evaluated. *See Harman*, 211 F.3d at 1179-81.

Because the Court remands for proper evaluation of the medical evidence, the Court declines to reach plaintiff's remaining contentions that: (1) ALJ's failed to include the step-three finding that plaintiff had moderate difficulties in concentration, persistence, or pace ("CPP") in plaintiff's RFC assessment (Joint Stip. at 18-21); and (2) the ALJ failed to conduct a drug abuse and alcohol analysis to separate out the effects of plaintiff's substance abuse from her other

mental impairments (*id.* at 23-25). However, the Court observes that, according to the ALJ, "it is difficult to determine how much a role substance abuse continued to play into [plaintiff's] mental health issues." (*See* A.R. 21.) As stated above, the ALJ has a duty to develop the record in the face of ambiguity. Accordingly, on remand, the ALJ should consider whether additional evidence is required to determine if plaintiff's substance abuse is material to disability or, rather, if plaintiff's disabling limitations remained during periods of sobriety. *See* 20 C.F.R. §§ 404.1535, 416.935; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

## CONCLUSION

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 19, 2015

/s/ Karen L. Stevenson
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE